UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
                                                :
IN RE FIRSTENERGY SHAREHOLDER    :        CASE NO. 5:03-CV-1826
DERIVATIVE LITIGATION                   :
                                                :        [Resolving Doc. No. 62]
                                                :
This Document Relates To:  All Cases   :        OPINION & ORDER
                                                :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

FirstEnergy shareholders, Dr. Joseph Scheller and the Teachers Retirement System of Louisiana, bring this derivative action against FirstEnergy and its directors. With their action, Plaintiffs seek to recover damages on behalf of First Energy resulting from Defendants' alleged breaches of fiduciary duties. The matter is currently before the Court on Defendants' motion to dismiss. Defendants seek dismissal on the ground that the Plaintiffs' complaint fails to state with particularity adequate reasons for Plaintiffs' refusal to make a pre-suit demand on the Board of Directors. *See* Fed. R. Civ. P. 23.1. Finding that the Plaintiffs' complaint sufficiently alleges the futility of making such demand, the Court **DENIES** the motion.

**I. BACKGROUND**

Defendant FirstEnergy, an Akron-based holding company, owns utility businesses operating in Ohio, New Jersey, and Pennsylvania. Defendants Anthony T. Alexander, Paul T. Addison, Carol A. Cartwright, William T. Cottle, Paul J. Powers, George M. Smart, Patricia K. Woolf, Robert B. Heisler, Jr., Robert L. Loughhead, John M. Pietruski, Catherine A. Rein, Robert C. Savage, Russell W. Maier, Robert N. Pokelwaldt, and Jesse T. Williams, Jr. serve as the Company's directors. Plaintiffs are FirstEnergy shareholders. Plaintiffs bring this derivative action to redress the harm that Defendants

Case No. 5:03-CV-1826
Gwin, J.

purportedly have caused FirstEnergy. In their consolidated complaint, Plaintiffs allege claims of: (1) breach of fiduciary duty; (2) gross mismanagement and waste of corporate assets; and (3) unjust enrichment. Plaintiffs base these claims on the Directors alleged mismanagement of the Company, the Company's lack of proper corporate governance polices, and the entrenchment of the Directors. In their complaint, Plaintiffs declare that poor management led to (1) serious problems at the Davis-Besse nuclear power plant; (2) the blackout of August 14, 2003; (3) and the Company's restatement of finances for 2002 and the first quarter of 2003. Plaintiffs claim that these events have forced the Company to incur significant expenses and potential liability of millions of dollars.

Plaintiffs' complaint acknowledges that Plaintiffs did not make a demand on the Board to bring suit before filing the action but contend that such a demand would have bene futile. On March 24, 2004, Defendants moved to dismiss the action for failure to plead demand futility as required by Federal Rule of Civil Procedure 23.1.

## II. LEGAL STANDARD

Defendants suggest that they bring their motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.[1] However, the Sixth Circuit considers motions to dismiss for failure to allege demand futility under Rule 12(b)(6). *See, e.g., McCall v. Scott*, 239 F.3d 808, 815

---

[1] Defendants' suggestion that their motion to dismiss is governed by Rule 12(b)(1) may derive, in part, from a desire to have this Court consider materials outside the complaint in deciding this motion to dismiss. *See RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (observing that in some attacks on subject matter jurisdiction the court has freedom to weigh the evidence concerning jurisdiction). The Court does not find solid support for Defendants' assertion that their motion is governed by 12(b)(1). In fact, the Court is unable to find any case, other than *Davis v. DCB Financial Corp.*, 259 F. Supp. 2d 664, 672 (S.D. Ohio 2003), that analyzes a motion to dismiss for failure to plead demand futility under Rule 12(b)(1). Even if Defendants' motion were governed by Rule 12(b)(1), the use of outside materials would be inappropriate. *See Davis v. DCB Financial Corp.*, 259 F. Supp. 2d at 669 ("Where, as here, the defendants argue that the facts alleged by the plaintiff in the complaint are insufficient to establish subject matter jurisdiction, the trial court takes the allegations in the complaint as true."). Thus, the Court will not consider outside materials as urged by the Defendants.

-2-

Case No. 5:03-CV-1826
Gwin, J.

(6th Cir. 2001). Therefore, the Court analyzes the Defendants' motion under the Rule 12(b)(6) standard.

When analyzing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must decide whether the moving defendant has shown that the plaintiff can prove no set of facts entitling the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A court will dismiss a complaint for failure to state a claim "only if it clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U.S. 69 (1984). In making this determination, a court "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief" *Ziegler v. IGP Hog Market, Inc.*, 249 F.3d 509, 512 (6th Cir. 2001).

## III. PLEADING REQUIREMENT FOR DERIVATIVE ACTIONS

Federal Rule of Civil Procedure 23.1 governs derivative actions in federal court. To assert a derivative action, a plaintiff must comply with the demand requirement of Rule 23.1 that provides:

> The complaint shall . . . allege with particularity efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for plaintiffs' failure to obtain the action or for not making the effort.

Fed. R. Civ. P. 23.1.

Courts apply federal procedural rules to determine whether the allegations of the complaint satisfy the particularity pleading requirement of Rule 23.1. *See Grogan v. O'Neil*, 307 F. Supp. 2d 1181 (D. Kansas 2004). However, federal courts apply state substantive law to determine whether demand on the board would have been futile. *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 96-97 (1991). Since

-3-

Case No. 5:03-CV-1826
Gwin, J.

FirstEnergy is an Ohio corporation, the Court applies Ohio law to decide whether demand on the board would have been futile.

To excuse demand under Ohio law, a plaintiff must overcome the presumption that the Board of Directors can make an unbiased, independent business decision about whether it would be in the corporation's best interests to bring a lawsuit. *Drage v. Procter & Gamble*, 119 Ohio App. 3d 19, 25 (1st Dist. 1997). "Examples of when a demand would be excused as futile include when all directors are named as wrongdoers and defendants in a suit, when there is self-dealing by the directors such that the directors gain directly from the challenged transactions, or when there is domination of nondefendant directors by the defendant directors." *Carlson v. Rabkin*, 152 Ohio App. 3d 672, 681 (Ohio Ct. App. 2003).

## IV. DISCUSSION

Defendants offer three interrelated reasons why Plaintiffs' complaint fails to satisfy the pleading requirement of Federal Rule of Civil Procedure 23.1. The Court considers each in turn.

### *Plaintiffs Have Sufficiently Pled Demand Futility under Ohio Law*

Defendants contend that Plaintiffs have not sufficiently pointed to facts that would show the futility of making a pre-suit demand on the Board. Upon review of the complaint, the Court concludes that Plaintiffs have pled demand futility with sufficient particularity.

In their complaint, Plaintiffs acknowledge that they made no demand upon the directors of FirstEnergy to bring this action and explain that such demand would have been futile. In support of this, Plaintiffs' complaint provides several reasons why demand would have been futile.

First, the complaint names as wrongdoers *and* defendants all directors of FirstEnergy. Ohio courts

-4-

Case No. 5:03-CV-1826
Gwin, J.

have held that such pleadings show demand futility. *See Carlson*, 152 Ohio App. 3d at 681; *Drage*, 119 Ohio App. 3d at 26. Moreover, the Court finds that the complaint sets forth detailed allegations of the Directors' wrongdoing that would make them unable to make an unbiased, independent decision about the merits of bringing the action. Specifically, the complaint alleges that Directors acted cavalierly regarding the safety at the Company's Davis-Besse nuclear plant. (Consolidated Complaint ¶¶ 36, 37, 47, 45). Despite the many warning signs of problems at Davis-Besse, the directors failed to act to prevent harm to the Company. As the complaint asserts, such a failing was especially egregious considering the significant experience of a number of the Directors in the nuclear power industry. (Consolidated Complaint ¶¶ 19, 21, 22-25, 27-33).

The complaint also alleges significant wrongdoing by the Defendant Directors in relation to the August 14, 2003 blackout. Specifically, the complaint avers that the Directors ignored warning signs that the Company's power lines were inadequately maintained, disregarded industry practices, and failed to take proper steps to prevent future power outages. (Consolidated Complaint ¶¶ 6, 10 71, 78-81, 97). Such actions and omissions allegedly exposed the Company to billions of dollars in potential liability. (Consolidated Complaint ¶ 71).

Additionally, the Complaint charges the Defendant Directors with failing to implement and maintain adequate internal financial and accounting control systems for the Company. (Consolidated Complaint ¶¶ 9, 90, 97). This failure to exercise sufficient oversight resulted in the Company having to restate its financial statements for 2002 and the first quarter of 2003. (Consolidated Complaint ¶ 90(e)).

In light of these specific allegations, the Court finds unpersuasive Defendants' characterization of the Plaintiffs' complaint as mere general allegations of wrongdoing by the Directors. Instead, the complaint

-5-

Case No. 5:03-CV-1826
Gwin, J.

recites specific actions and inactions by the Directors that if proved show breaches of fiduciary duties. Such allegations sufficiently plead demand futility under Rule 23.1.

Plaintiffs' complaint sets forth additional facts that raise serious doubts about the usefulness of making a demand on the Directors. Plaintiffs claim that Defendant Directors are not disinterested because the corporate decision to bring this lawsuit would have a materially detrimental impact on the Directors. Specifically, Plaintiffs point out that the Directors' insurance policy contains an "insured versus insured" exclusion that prohibits the Defendants from bringing suit against themselves or one another. (Consolidated Complaint ¶90(q)). If Defendants bring suit against themselves or each other, they lose their insurance coverage. *Id*. *See Drage*, 119 Ohio App. 3d at 27-28 (noting that a provision prohibiting directors from bringing suit against each other would deprive the directors of the ability to exercise independent judgment).

Moreover, FirstEnergy is the subject of pending criminal investigation and civil lawsuits. (Consolidated Complaint ¶¶ 1, 10-13). Bringing suit could adversely impact the Directors' defenses in these actions. Considering the potential personal liability the Directors face in these pending investigations and lawsuits, Plaintiffs could not reasonably expect the Directors to bring suit against themselves.

Plaintiffs' complaint also recites numerous intertwining relationships that suggest the Defendants are not independent or disinterested and are unlikely to sue their fellow Board members. (Consolidated Complaint ¶ 90(a)). Such relationships suggest that the Directors would be antagonistic to the derivative action.

The reasons provided in Plaintiffs' complaint for their decision not to make a demand on the Defendant Directors amply justify this Court's conclusion that demand is excused as futile.

*Plaintiffs Are Not Barred from Asserting Demand Futility Based on Prior Demand by*

-6-

Case No. 5:03-CV-1826
Gwin, J.

*Different Shareholder*

Defendants relatedly argue that the Plaintiffs are barred from even asserting demand futility since another FirstEnergy shareholder made a demand on the Board before the Plaintiffs filed this derivative suit.[2/] Upon close review of the cases relied upon by Defendants, the Court finds this argument to be meritless.

Defendants cite several cases that they unabashedly contend stand for the proposition that once one shareholder makes a demand all other shareholders are barred from arguing demand futility. Unfortunately for Defendants, none of the cases they rely on stands for this bold proposition. At most, the cases cited by Defendants conclude that once a shareholder makes a demand, that same shareholder (or his co-plaintiff in the same lawsuit) can no longer argue demand futility. *See Speigel v. Buntrock*, 571 A.2d 767, 774-75 (Del. 1990) (concluding that same shareholder cannot both make a demand on a company and argue demand futility in a lawsuit); *Pace v. Jordan*, 999 S.W.2d 615, 621-22 (Tex. App. 1999) (holding that when one plaintiff had made demand on board, both plaintiff and co-plaintiff in lawsuit were precluded from arguing demand futility); *Boeing Co. v. Shrontz*, 1992 WL 81228 (Del Ch. April 20, 1992) (same). The fourth case cited by Defendants never decided the issue. *See Stepak v. Addison*, 20 F.3d 398, 412 (11th Cir. 1994) (observing in dicta that since plaintiff shareholder did not raise on appeal, plaintiff waived issue)[3/] Moreover, *Stepak* dealt with the same situation as *Speigel, Pace,* and *Boeing*-one in which a shareholder attempts to argue demand futility after the same shareholder (or a co-

---

[2/] On August 14, 2003, FirstEnergy shareholder Frank Stagliano sent a demand letter to FirstEnergy's Board. FirstEnergy shareholder Eileen Birnholz filed the first federal derivative complaint on August 29, 2003.

[3/] The Court expresses dismay that Defendants brashly characterize the *Stepak* decision as holding that once a shareholder makes demand, all other shareholders are precluded from prosecuting a "demand excused" derivative suit. *Stepak* contains no such holding. *See Stepak*, 398 F.3d at 412 ("On appeal Mondschein does not address the district court's holding that his claim of demand futility is mooted by Stepak's demand; the issue is therefore waived.").

-7-

Case No. 5:03-CV-1826
Gwin, J.

plaintiff) has already made a demand. Such a situation does not describe this case *sub judice*. Here a nonparty shareholder made the demand.

Defendants additionally contend that *Drage v. Procter & Gamble*, 119 Ohio App. 3d at 32, supports their argument. *Drage*, however, is inapposite. In *Drage*, the court merely concluded that a shareholder could not prove demand futility solely by asserting that the directors had rejected the demand of another shareholder. *Id*. The *Drage* court did not address the issue of whether one shareholder's demand could bar another shareholder from pleading demand futility.[4]

Cases addressing factually similar situations to this action have concluded that a demand made by a nonparty does not bar plaintiff's demand. *See In re Prudential Insur. Co. Deriv. Litig.*, 659 A.2d 961, 969-70 (N.J. Super. Ch. 1995) (concluding that demand made by nonparty did not bar plaintiff from pleading demand futility); *Avacus Partners, L.P. v. Brian*, 1990 WL 161909 (Del. Ch. 1990) (same).

The Court finds the reasoning of *Avacus* and *In re Prudential Insur. Co. Deriv. Litig* persuasive. It may be reasonable, even just, to preclude a shareholder from raising demand futility when the shareholder (or a co-plaintiff) has previously made a demand on the board. By making a demand, the shareholder implicitly acknowledges the absence of facts supporting a finding of futility. The same equities, however, do not weight in favor of one shareholder being able to bind all other shareholders based on a demand of which the other shareholders had no knowledge. In such a situation, the shareholders arguing demand futility have not ceded the absence of facts supporting a finding of futility.

---

[4] In fact, *Drage* implicitly undermines Defendants' argument. In *Drage*, a shareholder other than the shareholder bringing the derivative suit made a demand on the board, and the board took no action. 119 Ohio App. at 32. Although the court prevented the plaintiff shareholder from using this refusal to prove demand futility, the court did not indicate that the plaintiff was barred from arguing demand futility because another shareholder had made a demand. If it had believed that to be the law, the court would not have needed to address the merits of the plaintiff's seven arguments in support of demand futility-which it did in great detail. The court could simply have stated that the other shareholder's demand barred the plaintiff shareholder from pleading demand futility.

-8-

Case No. 5:03-CV-1826
Gwin, J.

### *Company's Creation of a Shareholder Derivative Claim Review Committee Supports Conclusion that Demand Would Have Been Futile*

Finally, Defendants suggest that FirstEnergy's creation of an "independent committee" to investigate the derivative claims raised by Plaintiffs undermines Plaintiffs' assertion of demand futility. The Court finds this unconvincing and concludes that the creation of the committee only supports Plaintiffs' futility assertion. By empowering the committee to determine whether to pursue the litigation, the Directors imply that they are not disinterested and suggest that demand on them would have been futile. *See Peller v. Southern Co.*, 911 F.2d 1532, 1537 (11th Cir. 1990).[5]

### *Plaintiffs Have Sufficiently Pled Claim for Breach of Fiduciary Duty*

Even if Plaintiffs have sufficiently pled demand futility, Defendants ask the Court to dismiss the breach of fiduciary duty claim for failure to state a claim. Defendants characterize this claim as averring that the Board's failure to alter FirstEnergy's staggered board structure or to rescind the Company's "poison pill" breached a fiduciary duty under Ohio law. Defendants contend that these actions fail to establish a breach of fiduciary duty claim as a matter of law.

The Court does not read Plaintiffs' breach of fiduciary claim so narrowly. In fact, in their breach of fiduciary claim the Plaintiffs clearly explicate nine reasons why Defendants breached their fiduciary duties. (Consolidated Complaint ¶ 97). These include the Defendants' failure to correct hazards and improper management policies at Davis-Besse, failure to take steps to prevent future power outages, and failure to

---

[5] If a board responds to a derivative suit by appointing a special litigation committee with the sole authority to evaluate whether to pursue the litigation before making a motion to dismiss for failure to make a demand, then a court may conclude that the board has conceded its disqualification and therefore demand may be excused. *Id*.

Case No. 5:03-CV-1826
Gwin, J.

establish and maintain proper internal controls over the legal, financial, and accounting operations of the Company. Lead Plaintiffs do not, as Defendants suggest, seek to state a cause of action for breach of fiduciary duty based solely on the Board's failure to institute shareholder proposals. The Court concludes that when viewing the allegations as a whole, Plaintiffs have sufficiently pled a claim for a breach of fiduciary duty under Ohio law.

## V. CONCLUSION

For the above-discussed reasons, the Court **DENIES** Defendant's motion to dismiss.

IT IS SO ORDERED.

Dated: May 28, 2004                             s/      *James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE