UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| In re FIRSTENERGY CORP. DERIVATIVE LITIGATION | ) Master File No. 5:03-CV-1826 <br> ) <br> ) Judge James S. Gwin <br> ) |

[PROPOSED] ORDER PRELIMINARILY APPROVING
DERIVATIVE SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, the parties have made application, pursuant to Federal Rule of Civil Procedure 23.1, for an order approving the settlement (the "Settlement") of the Derivative Action, in accordance with a Stipulation and Agreement of Settlement dated as of July 27, 2004 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement and dismissal of the Class Action and the Derivative Action (collectively, the "Actions"), upon the terms and conditions set forth therein; and

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein); and

WHEREAS, and the Court having read and considered the Stipulation and the Exhibits annexed thereto:

NOW THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the Settlement set forth therein, including the terms and conditions for settlement and dismissal with prejudice of the Derivative Action.

2. A hearing (the "Settlement Hearing") shall be held before this Court on December 17, 2004 at 9:00 a.m. at the Carl B. Stokes United States Courthouse, 801 West Superior Avenue, Chamber 9A, Cleveland, Ohio to determine whether the Settlement of the Derivative Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Current FirstEnergy Shareholders and to FirstEnergy and should be approved by the Court; whether a Judgment as provided in ¶1.19 of the Stipulation should be entered herein, and to determine the amount of fees and expenses that should be awarded to Derivative Counsel. The Court may adjourn the Settlement Hearing or modify any of the dates set forth herein without further notice to Current FirstEnergy Shareholders.

3. The Court approves, as to form and content, the Notice of Proposed Settlement of Shareholder Derivative Action and Hearing ("Derivative Notice") and Summary Notice of Proposed Settlement of Shareholder Derivative Action and Hearing ("Summary Derivative Notice") annexed as Exhibits B-1 and B-2 hereto, and finds that the mailing and distribution of the Derivative Notice and publishing of the Summary Derivative Notice, substantially in the manner and form set forth in this Order, meets the requirements of Federal Rule of Civil Procedure 23.1 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

4. The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as more fully set forth below:

(a) Not later than October 4, 2004, the Claims Administrator shall cause a copy of the Derivative Notice substantially in the form annexed as Exhibit B-1 hereto to be mailed by first class mail to the Current FirstEnergy Shareholders.

(b) Not later than October 7, 2004, the Claims Administrator shall cause the Summary Derivative Notice to be published once in *Investor's Business Daily*; and

(c) At least seven (7) days prior to the Settlement Hearing, Derivative Counsel shall serve on counsel for the defendants in the Derivative Action and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

5. Nominees who held or hold the common stock of FirstEnergy on behalf of any Current FirstEnergy Shareholders shall send the Derivative Notice to such beneficial owners of FirstEnergy common stock within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Derivative Notice to such beneficial owners.

6. All Current FirstEnergy Shareholders shall be bound by all orders, determinations and judgments in the Derivative Action concerning the Settlement, whether favorable or unfavorable to the Current FirstEnergy Shareholders.

7. Pending final determination of whether the Settlement should be approved, no Current FirstEnergy Shareholder, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Derivative Persons, any action or proceeding in any court or tribunal asserting any of the Released Derivative Claims.

8. All papers in support of the Settlement shall be filed with the Court and served on or before November 22, 2004.

9. Any Current FirstEnergy Shareholder may appear and show cause, if he, she or it has any, why the Settlement of the Derivative Action should not be approved as fair, reasonable and adequate, or why a Judgment should not be entered thereon, provided, however, that no Current FirstEnergy Shareholder shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, unless that Person has, on or before November 15, 2004, filed with the Clerk of the Court and served on the following counsel (delivered by hand or sent by first class mail) written objections and copies of any papers and briefs in support thereof:

> Daniel Berger
> BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
> 1285 Avenue of the Americas, 38th Floor
> New York, NY 10019
>
> Joseph Weiss
> WEISS & YOURMAN
> 551 Fifth Avenue, Suite 1600
> New York, New York 10176
>
> ***Counsel for Derivative Plaintiffs***

> Steven Kaufhold
> AKIN, GUMP, STRAUSS, HAUER
>  & FELD, L.L.P.
> Three Embarcadero Center
> Suite 2800
> San Francisco, CA 94111-4066

***Counsel for Derivative Defendants***

The written objections and copies of any papers and briefs in support thereof to be filed in Court shall be delivered by hand or sent by first class mail to:

> Clerk of the Court
> UNITED STATES DISTRICT COURT
> Northern District of Ohio, Eastern Division
> 568 United States Courthouse
> Federal Building
> Two South Main Street
> Akron, Ohio 44308

Any Current FirstEnergy Shareholder who does not make his, her or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the Settlement as incorporated in the Stipulation, but shall otherwise be bound by the Judgment to be entered and the releases to be given.

10. Any reply papers in response to any objections or in further support of the Settlement shall be filed with the Court and served on or before November 22, 2004.

11. All reasonable expenses incurred in identifying and notifying Current FirstEnergy Shareholders shall be paid from the Notice and Administration Fund as set forth in the Stipulation. If the Effective Date fails to occur, there shall be no obligation to refund any amounts actually and properly disbursed from or chargeable to the Notice and Administration Fund.

12. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants or any of them of the truth of any of the allegations in the Derivative Action, or of any liability, fault, or wrongdoing of any kind.

13. The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to the Current FirstEnergy Shareholders, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Current FirstEnergy Shareholders.

IT IS SO ORDERED.

DATED: _____  _____
THE HONORABLE JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

S:\Settlement\First Energy.set\Efiling\Proposed Derivative Order.doc