UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE FIRSTENERGY SHAREHOLDER DERIVATIVE LITIGATION<br><br>This Document Relates To: All Cases | ) CASE NO. 5:03-CV-1826<br>)<br>) Judge James S. Gwin<br>)<br>)<br>) |

NOTICE OF PROPOSED SETTLEMENT OF
SHAREHOLDER DERIVATIVE ACTION AND HEARING

EXHIBIT B-1

TO:   ALL CURRENT BENEFICIAL OWNERS OF FIRSTENERGY CORPORATION COMMON STOCK.

PLEASE READ THIS NOTICE CAREFULLY

THIS NOTICE RELATES TO
THE PENDENCY AND PROPOSED SETTLEMENT OF
THIS SHAREHOLDER DERIVATIVE LITIGATION

**YOU ARE HEREBY NOTIFIED,** pursuant to Federal Rule of Civil Procedure 23.1, and an Order of the United States District Court for the Northern District of Ohio (the "Court"), that a proposed settlement (the "Settlement") has been reached between the Court-appointed Lead Plaintiffs the Teachers Retirement System of Louisiana and Dr. Joseph Scheller ("Lead Plaintiffs") and the Settling Defendants in the above-captioned derivative litigation (the "Action").  The Settling Defendants are: (a) nominal defendant FirstEnergy Corp. ("FirstEnergy" or the "Company"), for whose benefit this Action has been brought, and (b) the following present and former officers and/or directors of FirstEnergy:  Anthony J. Alexander, Paul T. Addison, Carol A. Cartwright, William T. Cottle, Paul J. Powers, George M. Smart, Patricia K. Woolf, Robert B. Heisler, Jr., Robert L. Loughhead, John M. Pietruski, Catherine A. Rein, Robert C. Savage, Russell W. Maier, Robert N. Pokelwaldt, and Jesse T. Williams, Jr., as well as H. Peter Burg, who was named in the initial complaint in this action (collectively, the "Individual Defendants"; together with FirstEnergy, the "Settling Defendants").  The Action has been brought derivatively on behalf of FirstEnergy to recover damages allegedly caused to the Company by the Individual Defendants' alleged breaches of fiduciary duties.

The benefits to the Company of the proposed Settlement, which is subject to Court approval, includes FirstEnergy's adoption of a Corporate Governance Plan (the "Plan"), a copy of which is available for review from Lead Counsel, as set forth below.  FirstEnergy also will receive payment of the sum of $25,000,000 in cash from certain of FirstEnergy's directors and officers liability insurance carriers, less any amounts awarded by the Court to Lead Counsel for attorneys' fees and reimbursement of expenses incurred in connection with prosecuting this Action.  If finally approved by the Court, the Settlement, as to the Settling Defendants, will result in the final dismissal of the Action without costs and with prejudice.

A hearing (the "Fairness Hearing") will be held by the Court at the Carl B. Stokes U.S. Courthouse, 801 W. Superior Avenue, Chamber 9A, Cleveland, Ohio on December 17, 2004, at 9:00 a.m. to determine whether the proposed Settlement is fair, reasonable and adequate, whether judgment should be entered giving final approval to the Settlement and dismissing the Action as outlined above, and whether Lead Counsel's application for an award of their reasonable fees and expenses in connection with prosecuting the Action should be granted.

The Settling Defendants have strenuously denied, and continue to deny, each and every allegation of liability and wrongdoing on their part, and assert that they have strong factual and legal defenses to all claims alleged against them in the Verified Consolidated Amended Derivative Complaint and that such claims are entirely without merit.  Without admitting any wrongdoing or liability on their part whatsoever, the Settling Defendants nevertheless are willing to enter into the Settlement provided for herein, the funds for which will be provided by certain of FirstEnergy's directors and officers liability insurance carriers, in order fully and finally to settle and dispose of all claims that have been or could have been asserted against them in the Action and to avoid the continuing burden, expense, inconvenience and distraction of this protracted litigation.

    A.    No Claims Procedure

This case was brought to protect the equity interest of FirstEnergy's current shareholders.  Its resolution will result in payment to the Company, not in payment to individuals, and hence there will be no claims procedure.  Settlement of this case will not impact the substantive rights of purchasers of FirstEnergy who are part of the putative Class in the FirstEnergy Class Action (as described below) seeking recovery for alleged fraud in connection with the purchase or sale of FirstEnergy securities.

II.    THE ACTION

    A.    Background

Beginning on or about August 8, 2003, a number of both shareholder derivative and class action complaints were filed in this Court and other courts.  The derivative claims generally allege, among other things, breaches of fiduciary duties by, among others, the Individual Defendants.  The class action claims generally allege violations of sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and sections 11, 12(a)(2), and 15 of the Securities Act of 1933 ("Securities Act").  The Court, on or about December 9, 2003, ordered all shareholder class action claims against FirstEnergy consolidated in *In re FirstEnergy Corp. Securities Litigation*, No. 03-CV-1684 (N.D. Ohio) (the "Class Action"), and the FirstEnergy shareholder derivative claims then pending before it consolidated in *In re FirstEnergy Corp.*

*Derivative Litigation*, No. 03-CV-1826 (the "Action").  The Court appointed the above-named Lead Plaintiffs to manage prosecution of the Action on or about January 7, 2004, and appointed the law firms of Bernstein Litowitz Berger & Grossmann LLP; Waite, Schneider Bayless & Chesley Co., L.P.A.; and Weiss & Yourman as co-lead counsel ("Lead Counsel").

      B.      The Pleadings

On February 23, 2004, Lead Plaintiffs filed a Verified Consolidated Amended Derivative Complaint (the "Complaint") – the operative complaint in this action.  The Complaint generally alleges, among other things, that the Individual Defendants breached fiduciary duties each owed as a director or officer of FirstEnergy by authorizing, participating in or failing to prevent violations of federal and state laws and regulations, that the Individual Defendants are liable to FirstEnergy for losses their alleged acts or omissions allegedly caused the Company, and that they are liable to indemnify the Company to the extent the Company is liable to others as a result of their alleged acts or omissions.  The Complaint alleges claims of breach of fiduciary duty, gross mismanagement and waste of corporate assets, and unjust enrichment.  Specifically, the Complaint alleges that poor management at FirstEnergy led to:  (1) serious problems at the Davis-Besse nuclear power plant; (2) the blackout of August 14, 2003; and (3) the Company's restatement of financial results for 2002 and the first quarter of 2003.

The Complaint further alleges that the Individual Defendants' breaches of their duties damaged the Company by, among other things, subjecting FirstEnergy to a Securities and Exchange Commission investigation, a grand jury investigation, a securities class action brought on behalf of FirstEnergy shareholders, a class action brought on behalf of those allegedly damaged by the blackout, an investigation by the Nuclear Regulatory Commission, an administrative proceeding before the Ohio Public Utilities Commission, an investigation by the Pennsylvania Public Utilities Commission, and a downgrading of the Company's credit rating.

On or about March 24, 2004, the Individual Defendants and the Company filed an Answer denying the substantive allegations to the Complaint, and filed a motion to dismiss the Complaint.  On or about May 28, 2004, the Court denied the motion to dismiss.  Defendants filed a notice of interlocutory appeal on June 25, 2004.

      C.      Lead Counsel's Investigation
             And Pre-Trial Discovery

Lead Counsel conducted an investigation relating to the claims and the underlying events and transactions alleged in the Complaint, particularly the allegations of wrongdoing pertaining to each of the Individual Defendants, and the alleged damages suffered by FirstEnergy.  Among other things, Lead Counsel reviewed and analyzed the public records and over 300,000 pages of documents produced by the Company and third-parties.  The parties exchanged correspondence, and participated in many meetings to facilitate and expedite discovery.

Lead Plaintiffs and Lead Counsel believe that this investigation provides an adequate and satisfactory basis for the settlement described herein.

      D.      Other Derivative Actions

In addition to this Action, FirstEnergy shareholders brought two cases in courts other than this Court asserting, among other claims, claims made derivatively on behalf of FirstEnergy, and containing allegations similar to those asserted in this Action. These two cases, *Birnholz v. H. Peter Burg, et al.,* Case No. CV-03-515177 and *Stagliano v. Anthony J. Alexander, et al.,* Case No. 2003-01-6222 (the "State Derivative Actions"), were filed in state court in Ohio. This Settlement is conditioned upon the dismissal, with prejudice, of all pending state court derivative litigation against members of the FirstEnergy board of directors and management, including the State Derivative Actions.

      E.      Benefits To FirstEnergy From The Settlement

Following discovery and analysis described above, Lead Counsel engaged in arm's-length negotiation with counsel for the Settling Defendants with a view to achieving the benefits set forth herein. Lead Plaintiffs and Lead Counsel believe that the Settlement provides a fair, adequate and reasonable recovery for FirstEnergy based upon the claims asserted against the Individual Defendants, the evidence developed, and the recoverable damages that might be proven at trial. First, FirstEnergy will adopt an extensive corporate governance plan that meets and in some instances, exceeds the corporate governance requirements being considered by various regulatory bodies. The monetary recovery provides the Company with substantial means to pay for the costs of this litigation while leaving it with substantial insurance to cover the costs of defending itself in the Class Action, and to fund a portion of the cost of resolving the Class Action. Based on their discovery and analysis, as set forth above, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of the Settlement are fair, reasonable and adequate to the Company and its shareholders, and in their best interests, and have agreed to settle the claims asserted in the Action pursuant to the terms and provisions of a detailed Stipulation of Settlement dated as of July 27, 2004 (the "Stipulation"), after considering (a) the substantial benefits that the Company and its shareholders will receive from the settlement of the Action; (b) the attendant risks of continued litigation, especially in complex actions such as this Action, as well as the difficulties and delays inherent in such litigation; and (c) the desirability of permitting the Settlement to be consummated, as provided by the terms of the Stipulation.

      F.      The Settling Defendants' Denial Of Wrongdoing

The Individual Defendants and FirstEnergy deny any wrongdoing, and nothing in the Stipulation shall be construed or deemed to be evidence of, or an admission or concession on the part of, the Company or any Individual Defendant with respect to any Claim of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Company or the Individual Defendants could have asserted. FirstEnergy and the Individual Defendants assert that they complied with all applicable laws and regulations, and deny that they have committed any act or omitted to perform any act that gives rise to any liability and/or violation of the law, and state that they are entering into this Settlement to eliminate the burden and expense of further litigation. The Company and the Individual Defendants recognize, however, that the Complaint was filed in compliance with Rule 11 of the Federal Rules of Civil Procedure; that the Action is being voluntarily settled upon the advice of counsel; and that the terms of the Settlement are fair, adequate and reasonable. The Stipulation shall not be construed or deemed to be a concession by any party of any infirmity in the claims asserted in the Action.

III.   TERMS OF THE PROPOSED SETTLEMENT

The full terms and conditions of the Settlement are embodied in the Stipulation, which is on file with the Court. The following is a summary of the Stipulation.

A.   Adoption Of A Corporate Governance Plan

FirstEnergy's Board of Directors (the "Board") has approved the adoption of the Plan, which is designed to assure the independence of the Board and several of its principal committees, and to require the Board to oversee specific monitoring actions designed to prevent violations comparable to those alleged in the Complaint. The Plan is the result of substantial arm's-length negotiation between Lead Plaintiffs and FirstEnergy by and through their respective counsel.

The Plan, which is an integral part of the Settlement, requires, among other things:

- Two-thirds of the Board of Directors must be independent. In addition to not having been employed by the Company in the last three years, an independent director cannot have had a material relationship with the Company for the prior three years.

- At least six times each year, the independent directors and non-management directors shall meet as a group in executive session without the Chief Executive Officer ("CEO") or any other non-Independent Director, and may retain legal counsel, accountants, or other experts to advise the Independent Directors concerning any issue pertaining to the Company's business operations.

- Directors are required to participate in at least eight hours of accredited training programs.

- Candidates for election or re-election to the Board will not, without the Board's approval, serve on the board of directors of more than three other non-affiliated companies.

- The offices of Chairman of the Board and CEO shall be held by separate individuals.

- The Compensation Committee shall evaluate the CEO's performance on an annual basis and communicate the results of the evaluation to the Board. The Board shall, at least annually, consider a CEO succession plan.

- There shall be a Chief Ethics Officer that shall be responsible for developing and implementing policies, practices and procedures designed to ensure compliance with the Company's Code of Business Conduct, the Corporate Governance Plan and with applicable regulatory and legal requirements.

- The Board shall cause the Company, at least annually to evaluate, and if necessary, recommend the replacement of, the Director of Internal Audit and/or the Chief Ethics Officer.

- The Audit Committee, Compensation Committee and Corporate Governance Committee shall be composed entirely of Independent Directors.

- The Nuclear Committee shall review the safety, reliability and quality of the Company's nuclear operation and shall meet at least six times per year with Company management.

- The Corporate Governance Committee of the Board, comprised entirely of Independent Directors, shall review the independence of all directors.

- FirstEnergy shall maintain a disclosure program enabling individuals to disclose to the Chief Ethics Officer any issues or questions associated with FirstEnergy's policies, conduct, practices or procedures believe by the individual to be a potential violation of criminal, civil or administrative law. The disclosure program shall emphasize a non-retribution, non-retaliation policy that includes a reporting mechanism for anonymous, confidential communications.

- Once a year, over the next three years, the Board shall submit a written report to Lead Plaintiffs' counsel in the Action which confirms that FirstEnergy's Board has abided by all provisions of the Corporate Governance Plan.

B.  Monetary Consideration

The Company's officer and director liability insurers have agreed to pay to FirstEnergy $25 million cash (the "Settlement Consideration") into an escrow account controlled by Lead Counsel (subject to Court oversight), in exchange for the release of all claims, known or unknown, asserted or that might have been asserted in the Complaint against the Individual Defendants or any of FirstEnergy's board of directors or management, or other Released Parties (as defined below).

C.  Costs of Providing Notice of the Settlement

The reasonable costs of giving the notice prescribed in the Stipulation shall be paid solely from the settlement amount deposited into the escrow account.

IV.  RELEASES

The full terms of the Dismissal and Release of Claims are set forth in the Stipulation. The following is only a summary.

Upon receipt by FirstEnergy of the Settlement Consideration, Lead Plaintiffs and all Current FirstEnergy Shareholders will release the Claims against the Released Parties, as defined below.  Moreover, the judgment to be entered upon approval of the settlement will preclude the filing of any action purporting to litigate the Released Claims.  In connection with the settlement of this Action, Lead Plaintiffs and Settling Defendants shall seek dismissal of all pending state court derivative litigation against members of the FirstEnergy board of directors and management, including the State Derivative Actions.  Those cases assert claims similar to those asserted in this Action.

The Released Parties are the Settling Defendants, any party defendant named in the State Derivative Actions, and each of their respective estates, heirs, assigns, successors, parents, subsidiaries, and affiliates, and their current or former directors, officers, employees, attorneys, accountants, insurers and agents as well as the Estate of H. Peter Burg.

V.  ATTORNEYS' FEES AND EXPENSES

Lead Plaintiffs intend to apply to the Court for attorneys' fees and reimbursement of expenses in the amount of $5 million, to be paid from the $25 million Settlement Consideration. The Settling Defendants, including FirstEnergy, will not take any position with respect to the Derivative Fee and Expense Application.

VI.  THE HEARING AND YOUR RIGHTS AS SHAREHOLDERS

The Fairness Hearing will be held on December 17, 2004, at 9:00 a.m. before the Honorable James S. Gwin, United States District Judge, at the Carl B. Stokes U.S. Courthouse, 801 W. Superior Avenue, Chamber 9A, Cleveland, Ohio, for the purpose of (i) determining whether the proposed Settlement is fair, reasonable, adequate, and in the best interests of the Company and its shareholders, and should be approved by the Court, and whether final judgment should be entered dismissing the Action as provided in the Stipulation; and (ii) considering the application of Lead Counsel for an award of attorneys' fees and reimbursement of expenses. The hearing may be adjourned from time to time by the Court at the hearing or any adjourned session thereof without further notice other than by announcement of such adjournment.

Any current beneficial owner of the shares of FirstEnergy common stock may appear at the Fairness Hearing and be heard as to whether (i) the proposed Settlement should be approved and the Action dismissed with prejudice; and/or (ii) the application of Lead Counsel for an award of attorneys' fees and reimbursement of expenses should be granted; *provided*, *however,* that no such beneficial owner shall be heard unless, on or before November 15, 2004, his, her or its objection or opposition is made in writing and is filed with the Court, together with copies of any supporting papers and briefs upon which he, she or it intends to rely and a sworn statement attesting to the date of purchase by such beneficial owner of his, her or its FirstEnergy common stock and his, her or its continued ownership thereof. In addition, such beneficial owner shall show due proof of service, on or before the aforesaid date, of copies of such objection or opposition, supporting papers and briefs, and proof of purchase and continued ownership upon each of the following counsel:

| | |
|---|---|
| Co-Lead Counsel for Plaintiffs: | Daniel L. Berger, Esq.<br>Bernstein Litowitz Berger & Grossmann, LLP<br>1285 Avenue of the Americas, 38th Floor<br>New York, NY 10019 |
| Counsel for the Individual Defendants | Steven Kaufhold, Esq.<br>Akin Gump Strauss Hauer & Feld, LLP<br>Three Embarcadero Center, Suite 2800<br>San Francisco, CA 94111 |

Any shareholder who does not make his or her objection or opposition in the manner provided herein shall be deemed to have waived any and all objections and opposition, and shall be forever foreclosed from making any objection to the fairness, reasonableness and adequacy of the proposed Settlement, and to the request of Lead Counsel for an award of reasonable attorneys' fees and reimbursement of expenses.

VII. <u>DISMISSAL & RELEASE</u>

Should the Settlement be approved by the Court following the Fairness Hearing, the Court will enter a Final Order and Judgment that:

(a) Finds that the mailing and publication of the Notice and Summary Notice, as described in the Stipulation, have been accomplished as directed and have provided the best notice practicable under the circumstances and have met the requirements of due process;

(b) Approves the Settlement as fair, reasonable and adequate to FirstEnergy and its shareholders;

(c) Dismisses the Action as to each of the Settling Defendants and releases and discharges each of the Released Parties from any and all liability with respect to the Claims, such dismissal to be without costs and with prejudice; and

(d) Permanently bars and enjoins the institution or prosecution against the Released Parties of any action asserting or relating in any way to the Claims.

The Court also will enter an Order that awards Lead Counsel attorneys' fees and reimbursement of expenses pursuant to Lead Counsel's application for attorneys' fees and reimbursement of expenses in the amount of $5 million.

VIII. <u>SPECIAL NOTICE TO BROKERS, BANKS AND OTHER NOMINEES</u>

Brokerage firms, banks and other persons or entities who are current FirstEnergy common stock shareholders in their capacities as record owners, but not as beneficial owners, are requested to send this Notice promptly to beneficial owners. Additional copies of this Notice for transmittal to beneficial owners are available on request directed to:

Niki L. O'Neel, Esq.
Co-Lead Counsel for FirstEnergy Derivative Litigation
Bernstein Litowitz Berger & Grossmann LLP
12544 High Bluff Drive, Suite 150
San Diego, CA 92130

IX. <u>EXAMINATION OF PAPERS AND INQUIRIES</u>

For a more detailed statement of the matters involved in this Action, reference is made to the pleadings, to the Stipulation and to all other papers publicly filed in the Action, which may be inspected at the Office of the Clerk for the United States District Court for the Northern District of Ohio during regular business hours of each business day.

Any inquiry concerning the Action should be addressed to Co-Lead Counsel: Bernstein Litowitz Berger & Grossmann LLP, 12544 High Bluff Drive, Suite 150, San Diego, California 92130, (858) 793-0070, Attention: Niki L. O'Neel, Esq.

PLEASE DO NOT ADDRESS INQUIRIES TO THE COURT

DATED: _____

                    BY ORDER OF THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF OHIO

15215.1
S:\Settlement\First Energy.set\B1-Derivative Notice(Final.doc