'04 DEC 30 AM 11: 11

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| In re FIRSTENERGY CORP. DERIVATIVE LITIGATION | ) | Master File No. 5:03-CV-1826 |
| | ) | |
| | ) | Judge James S. Gwin |
| | ) | |

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to the Order of this Court, dated December 30, 2004 ("Order"), on the application of the parties for approval of the settlement ("Settlement") set forth in the Stipulation and Agreement of Settlement dated as of July 27, 2004 (the "Stipulation"). Due and adequate notice having been given to the Current FirstEnergy Shareholders as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Derivative Action, including all matters necessary to effectuate the Settlement, and over all parties to the Derivative Action, including the Lead Derivative Plaintiffs, the Current FirstEnergy Shareholders and the Derivative Defendants. Lead Derivative Plaintiffs' Counsel are awarded fees, costs and expenses totaling $5,000,000.

3. The Derivative Action and all claims contained therein, as well as all of the Released Derivative Claims, are dismissed with prejudice. As between Lead Derivative Plaintiffs and Defendants, the parties are to bear their own costs, except as otherwise provided in the Stipulation regarding Derivative Counsel's application for attorneys' fees and expenses.

4. The Court finds that the Stipulation and Settlement are fair, just, reasonable and adequate as to each of the Settling Parties, and hereby finally approves the Stipulation and Settlement in all respects, and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

5. Upon the Effective Date, the Lead Derivative Plaintiffs, FirstEnergy (as a nominal defendant in the Derivative Action), and the Current FirstEnergy Shareholders, on behalf of themselves and each of their predecessors, successors, parents, subsidiaries, affiliates, custodians,

agents, assigns, representatives, heirs, estates, executors, trusts, trustees, trust beneficiaries, administrators, spouses, marital communities, and immediate family members, having any legal or beneficial interest in the common stock or options of FirstEnergy, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Derivative Claims (including all Unknown Claims), and any and all claims relating to or arising out of or connected with the Settlement, institution, prosecution, assertion, defense or resolution of the Derivative Action, against all of the Released Derivative Persons.

6. The Lead Derivative Plaintiffs, FirstEnergy (as a nominal defendant in the Derivative Action), and the Current FirstEnergy Shareholders, and each of their predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, estates, executors, trusts, trustees, trust beneficiaries, administrators, spouses, marital communities, and immediate family members, having any legal or beneficial interest in the common stock or options of FirstEnergy, are hereby forever barred and enjoined from commencing, instituting or prosecuting any of the Released Derivative Claims (including all Unknown Claims), or any action or other proceeding, against any of the Released Derivative Persons, based on, arising out of, related to, or in connection with, the Released Derivative Claims (including all Unknown Claims).

7. Upon the Effective Date, each of the Released Derivative Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged Lead Derivative Plaintiffs, each and all of the Current FirstEnergy Shareholders, FirstEnergy (as a nominal defendant in the Derivative Action), and counsel to the Lead Derivative Plaintiffs from all claims (including all Unknown Claims), relating to or arising out of, or connected with the institution, prosecution, assertion, settlement or resolution of the Derivative Action, and/or the Released Derivative Claims.

8. The Court finds that the Notice of Proposed Settlement of Shareholder Derivative Action and Hearing ("Derivative Notice") and the Summary Notice of Proposed Settlement of Derivative Action and Hearing ("Summary Notice," together with the Derivative Notice, "Notice") given to Current FirstEnergy Shareholders was the best notice practicable under the circumstances, including the individual Derivative Notice to all Current FirstEnergy Shareholders who could be identified through reasonable effort. Said Notice also provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

9. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Derivative Claim, or of any wrongdoing or liability of any of the Released Derivative Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Derivative Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Released Derivative Persons or any of them may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or in related litigation.

10. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement; and (b) the Settling Parties for the purpose of construing, enforcing and administering the Stipulation and Settlement.

11. If the Effective Date fails to occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: December 30, 2004

THE HONORABLE JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

S:\Settlement\First Energy.set\ED-00012927(Final).doc